UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN W. KAISER,<br><br>    Claimant,<br><br>v.<br><br>TD BANK USA, d/b/a TD RETAIL CARD SERVICES,<br><br>    Respondent. | Case No. 2:25-cv-07339 |

**DEMAND FOR ARBITRATION**

**NOW COMES** Claimant, JOHN W. KAISER, by and through his undersigned counsel, complaining of Respondent, TD BANK USA, d/b/a TD RETAIL CARD SERVICES, as follows:

**NATURE OF ACTION**

1. This action seeks redress for Respondent's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et. seq.*, the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"), pursuant to 73 P.S. 2270.1 *et seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL") pursuant to 73 P.S. 201-1 *et seq.*, invasion of privacy, and trespass to chattels.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." Parchman v. SLM Corp., 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3.	As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." Barr v. Am. Ass'n of Political Consultants, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4.	Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

5.	This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

6.	Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as it is where plaintiff resides and a significant portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

7. Claimant is a natural person, over 18-years-of-age, who at all times relevant resided in Saint Clair, Pennsylvania.

8. Claimant is a "person" as defined by 47 U.S.C. § 153(39).

9. Claimant is a "consumer" as defined by 73 P.S. § 2270.3

10. Respondent is engaged in the business of financial and banking services for consumers across the country, including consumers located in the state of Pennsylvania. Respondent is a corporation organized under the laws of the State of New York, with its principal place of business located in Cherry Hill, New Jersey.

11. Respondent acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

12. At all times relevant, Claimant was the sole operator, possessor, and subscriber of the cellular telephone number ending in 3127.

13. At all times relevant, Claimant's number ending in 3127 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Claimant was financially responsible for his cellular telephone equipment and services.

15. Prior to the rise of this action, Claimant was having a financial hardship that prevented him from paying back the balance he had with Respondent's credit card.

16. In 2025, Respondent began calling Claimant about the balance.

17. Claimant explained to Respondent that he will pay the missed payment plus the late fees and told Respondent to stop calling.

18. Respondent kept calling Claimant regarding the payment multiple times a day, up to five times in a single day.

19. Soon thereafter, Claimant revoked consent a second time and told Respondent to stop calling.

20. Unfortunately, Respondent has continued to place the unwanted and harassing collections calls.

21. Claimant's request for the calls to stop fell on deaf ears again and Respondent continued placing harassing collections calls and pre-recorded messages to Claimant, including, but not limited to, calls from the phone number (866) 427-3191.

22. In total, Respondent placed numerous harassing phone calls and pre-recorded messages to Claimant after Claimant requested that Respondent cease contact with him.

**DAMAGES**

23. Respondent's harassing phone calls and pre-recorded messages have severely disrupted Claimant's everyday life and overall well-being.

24. Respondent's harassing calls and pre-recorded messages have caused Claimant damages, including aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls and pre-recorded messages, wear and tear to Claimant's cellular phone, temporary loss of use of Claimant's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Claimant's cellular telephone as a result of increased usage of Claimant's telephone services, and wasting Claimant's time.

25. Moreover, each time Respondent placed a telephone call to Claimant, Respondent occupied Claimant's cellular phone such that Claimant was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

**CLAIMS FOR RELIEF**

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**(47 U.S.C. § 227 *et. seq.*)**

26. All paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

27. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

28. Upon information and belief, the system used by Respondent to place calls to Claimant has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

29. Accordingly, the system employed by Respondent has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

30. Respondent violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 50 non-emergency calls and pre-recorded messages, including but not limited to the aforementioned collection calls and pre-recorded messages, to Claimant's cellular telephone, utilizing an ATDS without Claimant's consent.

31. As pled above, Claimant revoked consent to be called on his cellular phone soon after the calls began.

32. As pled above, Claimant was severely harmed by Respondent's collection calls and pre-recorded messages to his cellular phone.

33. Upon information and belief, Respondent has no system in place to document whether it has consent to contact consumers on their cellular phones.

34. Upon information and belief, Respondent has no policies and procedures in place to honor consumers' requests that collection calls cease.

35. Upon information and belief, Respondent knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

36. As a result of Respondent's violations of 47 U.S.C. §227(b)(1)(A)(iii), Claimant is entitled to receive $500.00 in damages for each violation.

37. As a result of Respondent's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Claimant is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Claimant requests the following relief:

a. a finding that Respondent violated 47 U.S.C. § 227 *et seq.*;

b. an award of statutory damages of at least $500.00 for each and every violation;

c. an award of treble damages of up to $1,500.00 for each and every violation; and

d. an award of such other relief as this Court deems just and proper.

### COUNT II – VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

38. All paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

39. Claimant is a "consumer" as defined by 73 P.S. § 2270.3.

40. Respondent is a "creditor" as defined by 73 P.S. § 2270.3.

41. The subject debt is a "debt" as defined by PA ST 73 P.S. § 2270.3 as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a.    **Respondent's Violations of PFCEUA § 2270.4(b)(6)**

42. The PFCEUA, pursuant 73 P.S. § 2270.4(b)(6) prohibits a creditor from using "unfair or unconscionable means to collect or attempt to collect any debt."

43. Respondent violated the above referenced provision by continuously calling Claimant after Claimant requested that Respondent cease contact with him.

44. Respondent's incessant collection calls were placed with the intent to harass Claimant and pressure Claimant into making payment on the subject debt.

45. Claimant was unconscionably harassed and abused by Respondent's incessant collection calls and pre-recorded messages.

**WHEREFORE**, Claimant respectfully requests the following relief:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Claimant actual damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

c. Award Claimant treble damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

d. Award Claimant reasonable attorney's fees and costs pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

43. All paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

44. Claimant is a "person" as defined by 73 P.S. § 201-2(2).

45. Respondent's conduct in connection with the subject debt constitutes "trade" and "commerce" as defined by 73 P.S. § 201-2(3) of the PUTPCPL.

46. The PUTPCPL prohibits entities from "Engaging in any . . . fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. 201-2(4)(xxi).

   a. **Violations of the PUTPCPL through violations of the PFCEUA**

47. The PFCEUA, pursuant to 73 P.S. § 2270.5(b), provides that any violation of the PFCEUA constitutes an unfair or deceptive act in violation of the PUTPCPL.

48. By virtue of Respondent's repeated violations of the PFCEUA, Respondent has similarly violated the PUTPCPL.

**WHEREFORE**, Claimant respectfully requests the following relief:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Claimant actual damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

c. Award Claimant treble damages pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

d. Award Claimant reasonable attorney's fees and costs pursuant to 73 P.S. § 2270.5(a) and 73 P.S. § 201-9.2(a);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

49. All paragraphs of this Complaint are incorporated as though fully set forth herein.

50. Generally, to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a claimant must show that another has intentionally intruded, physically or otherwise, upon the claimant's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person.

51. Respondent's intrusive collection calls and pre-recorded messages to Claimant after Claimant requested that the calls and pre-recorded messages cease were an intentional intrusion upon Claimant's seclusion or solitude.

52. The intrusive unwanted phone calls and pre-recorded messages to Claimant would be considered offensive by a reasonable person as no reasonable person would tolerate harassing collection calls after they have requested that the calls cease.

53. A reasonable person would find such calls to be highly offensive.

**WHEREFORE**, Claimant requests the following relief:

a. A finding that Respondent invaded Claimant's privacy by intrusion upon seclusion;

b. Entry of judgment in Claimant's favor and against Respondent for invasion of privacy;

c. An award of actual damages; and

d. An award of punitive damages.

e. Awarding any other relief as this Honorable Court deems just and appropriate

### COUNT V – TRESPASS TO CHATTELS

54. Claimant incorporates all paragraphs of this Complaint as though fully set forth herein.

55. Generally, to establish a cause of action in trespass to a chattel there must be an intentional interference with the possession or physical condition of a chattel in possession of another.

56. Respondent intentionally interfered with the physical condition of Claimant's cellular phone by causing it to repeatedly ring after Claimant requested that the calls cease, thus temporarily impairing the phone's physical condition.

57. Moreover, as set forth above, each time Respondent placed a telephone call to Claimant, Respondent occupied Claimant's cellular telephone such that Claimant was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing.

58. As set forth above, Claimant was severely harmed by Respondent's conduct.

**WHEREFORE**, Claimant requests the following relief:

a. A finding that Respondent trespassed on Claimant's chattel (cellular phone);

    b.    Entry of judgment in Claimant's favor and against Respondent for trespass to chattels;

    c.    An award of actual damages; and

    d.    An award of punitive damages.

    e.    Awarding any other relief as this Honorable Court deems just and appropriate

Date: December 26, 2025                                                             Respectfully submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
*Counsel for Claimant*
Sulaiman Law Group, Ltd.
2500 South Highland Ave.
Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)
(630) 575-8188 (fax)
ataylor@sulaimanlaw.com